UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 5:22-cv-00787-AB-KK | Date: | September 22, 2022 |
|---|---|---|---|

| Title: | *Vernon Creswell v. City of Montebello* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**     **[In Chambers] ORDER GRANTING MOTION TO DISMISS (Dkt. No. 9)**

Before the Court is Defendant City of Montebello's ("City") Motion to Dismiss ("Motion," Dkt. No. 9). Plaintiff Vernon Creswell ("Plaintiff") filed an opposition and the City filed a reply. The Court will resolve the Motion without oral argument and therefore **VACATES** the hearing. *See* Fed. R. Civ. P. 78, C.D. Cal. L.R. 7-15. The Motion is **GRANTED**.

### I. PLAINTIFF'S COMPLAINT

Plaintiff was employed by the City as a Fire Captain from 2008until January 5, 2021. Compl. ¶ 6. Plaintiff alleges that the City unlawfully terminated his employment in retaliation for his complaints of race discrimination and harassment, other unlawful activity by the City's Fire Department leadership, and violations of the California Firefighter's Bill of Rights ("FBOR"). *Id.* ¶¶ 15-29. Plaintiff's Complaint asserts four retaliation causes of action: (1) retaliation in violation of 42 U.S.C. § 2000e-3(a) ("Title VII claim"); (2) retaliation in violation of the Fair Employment and Housing Act ("FEHA"), Cal. Govt. Code § 12940(h);

(3) retaliation in violation of Cal. Labor Code § 1102.5; and (4) retaliation in violation of Cal. Govt. Code § 3254.

The City now moves to dismiss the Complaint on several bases, including for failure to exhaust administrative remedies, failure to state a claim, and based on the *Colorado River* doctrine in light of Plaintiff's parallel proceedings in state court.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Deciding whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## III. DISCUSSION

### A. Defense Counsel Did Not Adequately Meet and Confer with Plaintiff's Counsel.

Local Rule 7-3 requires "counsel contemplating the filing of any motion [to] first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." This meet-and-confer must happen at least 7 days before the motion is filed. Defense counsel did not comply. The record shows that on June 17, defense counsel emailed Plaintiff's counsel a rather brief pro forma email listing some of the general grounds for the contemplated Motion. *See* Ellis Decl. (Dkt. No. 14-1) ¶ 2. That

same day, Plaintiff's counsel responded that he did not understand the arguments, and requested to meet and confer. *Id.* ¶ 3. It appears that defense counsel did not respond to Plaintiff's counsels' request but instead filed the Motion five days later, on June 22.

The Court finds that Defense counsel did not actually meet and confer. Furthermore, the Motion was filed prematurely only 5 days after this email exchange and not the 7 days required by Local Rule 7-3. Finally, Defense counsel's email failed to even mention the failure-to-exhaust ground for dismissing Plaintiff's federal claim under Title VII. This omission independently renders the meet-and-confer effort faulty. The Court expects better going forward and may outright deny any motion filed in violation of Local Rule 7-3.

### B. The Complaint Fails to Adequately Plead Exhaustion for the Title VII Claim.

Nevertheless, the Court will briefly address whether the Complaint pleads that Plaintiff exhausted his administrative remedies for his Title VII retaliation claim under 42 U.S.C. § 2000e-3(a).

42 U.S.C. § 2000e-5(e) provides that before a plaintiff pursues a Title VII action in federal court, the plaintiff must have filed a charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the occurrence of the unlawful employment practice or, if the plaintiff had initially instituted proceedings with an appropriate state agency, within 300 days after the occurrence. Here, Plaintiff has alleged only that he exhausted his administrative remedies and received two right to sue letters (one from California's Department of Fair Employment and Housing ("DFEH") and another from the EEOC), *see* Compl. ¶ 32, but Plaintiff did not allege when he filed his charges. Furthermore, it is not clear from the Complaint that Plaintiff's charge(s) were for the retaliation alleged in the Complaint. This is insufficient to show exhaustion. In his opposition, Plaintiff asks the Court to take judicial notice of the above-referenced EEOC right to sue letter, but again this letter does not state the date on which Plaintiff filed his EEOC charge. *See* Ellis Decl. Ex. 1. Plaintiff did not even present the DFEH right to sue letter but instead merely refers to it in vague terms. *See* Ellis Decl. ¶¶ 5-6.

For the foregoing reasons, Plaintiff's Complaint does not adequately allege facts plausibly establishing that he exhausted his administrative remedies for his Title VII claim. Had Defendant raised this shortcoming in a genuine meet-and-confer effort, perhaps the issue could have been resolved. Failing that, given the

Complaint's obvious failure to allege the facts necessary to plausibly establish Title VII exhaustion, Plaintiff should have simply filed an amended Complaint as was his right under Fed. R. Civ. P 15(a)(1), instead of filing an opposition to the Motion.

The Court will not address any arguments regarding Plaintiff's supplemental state law claims unless and until he pleads a viable Title VII claim.

## IV.   CONCLUSION

The Motion is **<u>GRANTED</u>** on the above-referenced grounds only. Plaintiff may file a First Amended Complaint within 21 days of this order. Any First Amended Complaint should clearly allege, in an orderly fashion, the dates and other facts relevant to exhaustion. If Plaintiff fails to timely file a First Amended Complaint, the Title VII claim will be dismissed, the supplemental state law claims will be dismissed without prejudice for lack of subject matter jurisdiction, and the case will be closed.

The Scheduling Conference is continued to November 18, 2022, at 10:00 a.m.

**IT IS SO ORDERED**.